# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ABM INVESTMENTS LLC, | ) |
|       Plaintiff, | ) |
| vs. | )   NO. CIV-15-0363-HE |
| FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, | ) |
|       Defendant, | ) |

## ORDER

This case arises out of property damage to a building owned by plaintiff and located at 10601 North I-35 Service Road in Oklahoma City. Defendant Farmers Alliance Mutual Insurance Company ("Farmers") had issued a policy of insurance on the property which was in force at the time of a storm on May 31, 2013. The storm caused damage to the property.

Some time after plaintiff submitted a claim under the insurance policy, a representative of Farmers inspected the property. Two days later, on June 24, 2013, the representative sent plaintiff a letter and an estimate stating that the amount of damages was less than the policy deductible. Some time later, plaintiff engaged the services of a public adjuster which resulted, eventually, in Farmers engaging an engineering firm to do a second investigation and estimate for it. Based on the engineering firm's investigation, Farmers concluded the plaintiff's covered loss included $58,075.75, which Farmers paid. The additional payment did not resolve the parties' disagreement over the extent of the insured loss and this suit resulted.

Farmers has moved for summary judgment on plaintiff's bad faith claim. Summary

judgment should be granted where—in light of the pleadings, discovery materials, and any affidavits—there is no "genuine issue" as to any "material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The court must review the evidence, and draw all reasonable inferences therefrom, in the light most favorable to the nonmoving party. In re Wal-Mart Stores, Inc., 395 F.3d 1177, 1189 (10th Cir. 2005). The court may not make determinations of credibility nor weigh evidence, and must disregard all evidence favorable to the movant that the trier of fact would not be required to believe. Gossett v. Oklahoma, 245 F.3d 1172, 1175 (10th Cir. 2001).

Applying these standards to the current motion, the court concludes the motion should be denied.

It is true, as defendant argues, that more than a disagreement over the amount of a claim must be shown to make out a basis for a bad faith claim. *See* Christian v. American Home Assur. Co., 577 P. 2d 899 (Okla. 1978). The denial of a claim becomes the basis for a bad faith claim only if the denial is unreasonable under the circumstances. Badillo v. Mid Century Ins. Co., 121 P.3d 1080, 1093 (Okla. 2005).[1] Defendant argues that all that has been shown here is a disagreement as to amount, that its handling of the claims was timely, and that no other basis for a bad faith claim exists.

There is no evidence suggesting Farmers unreasonably delayed in handling this claim.

---

[1] *Badillo identified the elements of a bad faith claim as: (1) where the loss is covered under the policy, (2) the actions of the insurer were unreasonable under the circumstances, (3) the insurer failed to deal fairly and act in good faith toward the insured in handling the claim, and (4) the breach of duty was the direct cause of damages sustained by the insured. Id.*

2

The various delays appear to have been due to plaintiff's actions rather than Farmers. And some of the differences between plaintiff's estimates of loss and defendant's estimates are insignificant or would plainly fall within the scope of a good faith dispute.[2] The evidence as to differences in the estimates of overall loss is, however, more problematic. It appears that the amount of plaintiff's deductible was $2,260. [Doc. #25-3 at 5]. The amount estimated and paid after the second inspection by the engineering firm was $58,075.75, a difference that was, proportionately,[3] very substantial. Given the extent of the difference in the two estimates and the absence of any explanation from defendant as might justify the difference, and drawing the inferences from the evidence in the light most favorable to plaintiff per the above standard, the evidence is sufficient to create a justiciable question as to whether Farmers unreasonably low-balled plaintiff by its initial adjustment of the claim.

Defendant's motion for partial summary judgment [Doc. #25] is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of January, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[2]*Plaintiff alludes to differences in estimating how much time an electrician would need to spend or whether a $500 permit was required.*

[3]*In some circumstances, such as where substantially larger amounts are at issue, a $50,000 difference might not be significant in and of itself.*